David Bruce MILLER, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21417.

United States Court of Appeals
Ninth Circuit.

Dec. 29, 1967.

J. B. Tietz (argued), Michael Hannon, Los Angeles, Cal., Ralph K. Helge, Pasadena, Cal., for appellant.

Michael J. Swofford, Asst. U. S. Atty., Eugene G. Cushing, U. S. Atty., Seattle, Wash., for appellee.

Before CHAMBERS, Chief Judge, JOHNSEN * and KOELSCH, Circuit Judges.

JOHNSEN, Senior Circuit Judge.

Appellant was convicted on a jury-waived trial of refusing to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462 and was sentenced to five years imprisonment.

The determinative question here is whether the manner in which the Local Selective Service Board handled and disposed of appellant's claim to be a conscientious objector and his request for a change of classification on this basis was legally invalid so as to make his refusal to be inducted not an unlawful act in the circumstances. Appellant's motion for acquittal upon this ground was denied by the District Court. We must reverse.

Appellant had been registered in the Selective Service System since May 28, 1962. His local board made reclassification of him as Class I–A (available for military service) on June 30, 1965. A preinduction physical examination was taken and passed by him on August 26, 1965. On September 21, 1965, he filed with the local board a letter claiming to have become a conscientious objector and requesting a copy of Special Form for Conscientious Objector (SSS Form No. 150) for execution by him.

The Selective Service Regulations require that this form be used by an alleged conscientious objector to "offer information in substantiation of his claim". 32 C.F.R. § 1621.11. The duty is imposed upon the local board to fill in the necessary return date in the prescription at the top of the form that "This Form Must be Returned on or before . . ." [10 days "after mailing or issue" of the form]. The date of October 1, 1965, was so inserted by appellant's local board. Appellant returned the completed form to the local board on September 24, 1965.

Before this occurred, however, the local board, on September 23, 1965, issued an order requiring him to report for induction on October 11, 1965.

Appellant then requested a postponement of his induction so that consideration could be given to his conscientious objector claim. The local board made inquiry of the State Director of Selective Service whether this "would be in order." The State Director thereupon exercised his power under the last proviso of 32 C.F.R. § 1632.2(a) to grant such a postponement and extended the date for appellant's induction to November 10, 1965. At the same time, he authorized the local board, under his implicit power in 32 C.F.R. § 1625.3(a), to deal with the situation as follows:

"It is considered desirable that the local board have an opportunity to consider all information received since the date of the most recent classification. * * *

"If upon review the local board members are of the opinion that the evidence supports a change of classification, authority is extended to reopen the same and consider anew. * * * Should the local board consider that the record does not justify deferment, it need not reopen classification. In this connection attention is invited to section 1625.4 SSR".

Section 1625.4 of the Selective Service Regulations (32 C.F.R.), referred to by the State Director, provides in its pertinent part as follows:

"When a registrant * * * files with the local board a written request to reopen and consider anew the registrant's classification and the local board is of the opinion that the information accompanying such request fails to present any facts in addition to those considered when the registrant was classified or, even if new facts are presented, the local board is of the opinion that such facts, if true, would not justify a change in such registrant's classification, it shall not re-

---

* Harvey M. Johnsen, Senior Circuit Judge of the Eighth Circuit, sitting by designation.

open the registrant's classification. * * * "

The effect of what the State Director did was to open up the situation to consideration by the local board of appellant's conscientious-objector claim and request for change of classification in the same manner and to the same extent as if the induction order had not been issued. Without such authorization, the local board apparently was subject to the prohibition in the last proviso of 32 C.F.R. § 1625.2 that "the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252), unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control".

With release made by the State Director from this prohibition of the proviso, the local board was free to reopen and consider anew the question of appellant's classification unless, within the restriction of § 1625.4, supra, the information submitted by him "fails to present any facts in addition to those considered when the registrant was classified" or, even if new facts were so presented, "such facts, if true, would not justify a change in such registrant's classification". A restatement of these conditions affirmatively is made in § 1625.2(1) of the regulations (32 C.F.R.)—the local board is entitled to reopen and consider classification anew if the request and the information accompanying it present "facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification".

Admittedly the facts relating to appellant's claim to have become a conscientious objector were not presented or considered at the time he was given his I–A classification. The only other condition required by §§ 1625.2 and 1625.4 to be met therefore was that the information presented by appellant, "if true, would justify a change in the registrant's classification".

It cannot be held that the statements and information in appellant's letter and executed form No. 150, if true, would not be able to provide basis for a conscientious objector classification and so could not justify a consideration of the question of change in his classification. While the notice sent by the board to appellant of its refusal to reopen the situation stated "that the information submitted did not warrant reopening of your classification", what the board actually did, as the implications of its minutes reflect, was to engage in evaluative consideration and judgment that, regardless of the prima facie sufficiency of the information submitted, it was not, when probatively weighed against other elements in the situation, entitled to credence as fact.

The basis for the board's action was indicated in its official minutes as follows: "It was the opinion of the members that the registrant was seeking to avoid induction. They noted that he had applied for enlistment in a reserve program which was denied". The latter statement had reference to an attempt by appellant (a licensed civilian pilot), during August 1965, to enlist in an Air Force troop carrier group reserve, which turned him down because of his being married. The troop carrier reserve notified appellant's local selective service board by letter that "This individual is married and cannot be enlisted".

█ As above indicated, appellant's letter and form No. 150 presented, within the language of § 1625.2(1), "facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification". There thus was involved what Stain v. United States, 9 Cir., 235 F.2d 339, 342, termed "a prima facie case for a conscientious objector classification" and hence a situation as to which *Stain* declared that "the local board should have reopened the record for the determination of whether appellant was entitled to the change requested". Stated differently—whether appellant was in truth and fact a conscientious objector could,

in the prima facie situation presented by his claim and conscientious objector form, only be evaluatively arrived at under the regular processes and provisions of the regulations for considering and determining classification.

■ *Stain,* supra, recognized that it could, of course, be possible for the conscientious objector form to be "so deficient" as "to be frivolous, wholly unsubstantial and unworthy of any consideration". 235 F.2d at 343, footnote 13. But a denial of reopening upon this facial basis would be one entitled to be made as a matter of law, just as would one for failure of the conscientious objector form to state any new facts or to state such facts as could, if true, justify a conscientious objector classification (or in the language of the State Director to the local board, supra, "[i]f * * * the evidence supports a change of classification").

The local board did not deal with the alleged facts or evidence of appellant's conscientious objector form as a question of whether this legally could provide basis for a reopening to be made, so as to entitle consideration and evaluation to be engaged in thereafter under the general classification procedure of the regulations. It shortcut the situation by directly proceeding, without purporting to reopen, to a consideration of whether appellant was entitled to a conscientious objector classification on the merits of the probative elements of its file. It weighed the information contained in appellant's form against other probative factors (such as his attempted reserve enlistment during the month preceding) and arrived at the judgment that he was not in truth a conscientious objector but was merely "seeking to avoid induction."

This was action amounting to a determination of the question of classification. While the board labeled what it had done as a denial of reopening in form, the substance of what it did was, as indicated, to "consider the new information * * * received", weigh this against other probative factors, and then evaluatively conclude that appellant's previous I–A classi-

fication was proper in the situation. In other words, the local board engaged in the processes which were open to it under § 1625.11, but with an ignoring of the procedural prescription of § 1625.11 for a reopening as a basis therefor.

Under the provisions of § 1625.11, even though a local board, after making a reopening, should determine, on evaluing the situation on its merits, that the applicant was not entitled to a conscientious objector classification, and that he should again be put in Class I–A, such a restoration of his previous classification would not cut off his rights to appear, be heard, and take an appeal, under the provisions of §§ 1624.1, 1624.2, 1626.2 and 1626.25 of 32 C.F.R.

No more, in our opinion, is it validly possible for these rights to be cut off as to a conscientious objector claimant by a local board's choosing not to reopen, but to nevertheless engage in a similar consideration of the situation upon its merits, and then to accord to its classification result the status of a denial merely of the claimant's motion to reopen.

We do not believe that such a power, to engage in a general consideration and evaluation and then to accord the result a summary status only, can be harmonized with the provisions and purposes of §§ 1625.2 and 1625.11. But if such an implied power can be regarded as being intended to exist under the regulations, then it must be held, we think, that the discrimination which the board effects against a conscientious objector claimant by dealing with his situation on this basis, as opposed to another such claimant of similar prima facie situation to whom it accords a reopening, would be a violation of the due process clause of the Fifth Amendment.

In the latter situation, a conscientious objector claimant would be left with the procedural rights to appear, be heard, and take an appeal, while in the first situation there would be a foreclosure of these substantial incidents to a similar claimant. For a local board to be able to effect a discrimination of such substance between prima facie situations of legal

equality facially would seem to us to constitute a matter of basic unfairness and hence to be, in the language of Bolling v. Sharpe, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884, and Schneider v. Rusk, 377 U.S. 163, 168, 84 S.Ct. 1187, 1190, 12 L.Ed.2d 218, "so unjustifiable as to be violative of due process".

The Government has argued that a local board should be held entitled, when a subsequent conscientious objector claim is made, to refuse to reopen the situation for further classification determination, if its file contains any probative material which could afford a "basis in fact" for such a claim to be denied. It regards Woo v. United States, 9 Cir., 350 F.2d 992, as so indicating or implying. We do not so read that decision.

The crux of the majority in holding *Woo* appears in the following statements (350 F.2d at 995) approved from the trial court's memorandum opinion: "This is not a case where the registrant had presented new facts to the board for the first time in support of his prayer for reopening. * * * We hold that a local board does not act arbitrarily and unreasonably in refusing to reconsider a claim of exempt status by a conscientious objector when the same claim has previously been considered and rejected and the registrant has not invoked the administrative remedies which would have brought about a thorough investigation and hearing of all the aspects of his claim. * * * "

■ The views which we have declared in this opinion harmonize with and complement what seems to us to be the implicit object of the provisions of §§ 1625.2 and 1625.4, supra, of the regulations. They also serve to carry out the intent given specific expression in the statute itself, 50 U.S.C. App. § 456(j), that "Any person claiming exemption from combatant training and service, because of such conscientious objections shall, * * * if such claim is not sustained by the local board, be entitled to an appeal to the appropriate appeal board". At all events, we believe that it would constitute a violation of due proc-

ess for a local board to be able to handle prima-facie conscientious-objector claims in such different modes as to deprive one claimant of the statutory right of appeal (as well as the regulational rights of appearing and being heard) and to leave another claimant with these incidents.

■ The test of whether an administrative result has a basis in fact cannot be given application to sustain a result which has been arrived at by invalid procedural processes. Appellant may or may not be entitled to be denied a conscientious objector classification, but that result was not legally subject to being arrived at in the prima facie situation presented on the procedural processes employed.

Reversed.