**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Fred Spencer LONIDIER, Defendant-
Appellant.**

**No. 25267.**

United States Court of Appeals,
Ninth Circuit.

May 26, 1970.

Rehearing Denied June 17, 1970.

---

David Shagam, Berkeley, Cal., Fred Spencer Lonidier, Leucadia, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., F. Steele Langford, Jerrold M. Ladar, Paul G. Sloan, Asst. U. S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before BROWNING and HUFSTEDLER, Circuit Judges, and BATTIN,* District Judge.

PER CURIAM.

Defendant was ordered to report on January 10, 1967, for induction into the armed forces. He reported on that date, but "qualified" his Security Questionnaire (DD Form 398) by stating that a relative had once been a member of the Communist Party. He was sent home and his local board was notified by an officer at the induction center that his records were being "held in abeyance" pending the completion of a security investigation.

On November 6, 1967, defendant filed a Special Form for Conscientious Objection (SSS Form No. 150) with his local board. Eight days later, the local board notified defendant that it had voted not to reopen his classification because "it did not specifically find there has been a change in circumstances over which you had no control," as required by 32 C.F.R. § 1625.2 as a condition to the reopening of a classification after the mailing of an induction order. The board further informed defendant that theretofore his induction date had been temporarily postponed "[p]ursuant to the provisions of part 1632 of Selective Service Regulations," but that he was to report for induction on December 6, 1967. Defendant reported and refused to submit to induction.

■■ 32 C.F.R. § 1632.2 authorized the local board to postpone defendant's induction for a period of up to 120 days. Instead the board postponed defendant's induction indefinitely—as it turned out, for a period of 328 days. The board's action had the effect of cancelling the induction order. *See* Hamilton v. Commanding Officer, 328 F.2d 799, 802 (9th Cir. 1964). *Compare* United States v. Evans, 425 F.2d 302 (9th Cir. 1970), which does not cite *Hamilton*, and may be distinguishable on the ground that the local board did not purport to act under 32 C.F.R. § 1632.2 as the local board did in this case.

The local board therefore erred in applying 32 C.F.R. § 1625.2 and refusing to reopen defendant's classification to consider his conscientious objector claim.

Reversed.

---

* Honorable James F. Battin, United States District Judge for the District of Montana, sitting by designation.