**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John W. S. STEVENS, Defendant-
Appellant.**

**No. 25998.**

United States Court of Appeals,
Ninth Circuit.

Feb. 11, 1971.

———◆———

Alan Saltzman, (argued), of Saltzman & Goldin, Hollywood, Cal., for defendant-appellant.

Elgin Edwards, (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., George G. Rayborn, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

\* Elbert Parr Tuttle, Senior Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. Section 1632.2 of the Code of Federal Regulations states:

Before TUTTLE\*, ELY and KILKENNY, Circuit Judges.

TUTTLE, Circuit Judge:

Stevens was convicted of violating the Selective Service Act of 1967, 50 U.S.C. App. § 462(a). The pertinent facts are not in dispute.

Appellant was ordered to report for induction on November 7, 1967. Though he reported as ordered, he refused to answer the questions relating to membership in various organizations. He wrote that his refusal was based upon the First and Fifth Amendments. He also answered "yes" to the question whether there were any incidents in his life which might reflect upon his loyalty or his suitability to perform the duties which he might be called upon to undertake. As a consequence of this, appellant was "held in abeyance, not presently acceptable for induction."

On June 11, 1968 his local board informed him that he was found to be acceptable for service. In a letter dated July 19, 1968 he was told that his original induction order was valid and that he was to report for induction on August 13, 1968. Appellant reported but refused to take the symbolic step forward.

Appellant argues that the nine-month delay between the initial and final induction dates effected a cancellation of his induction order. We agree.

We feel that this case comes under the rule enunciated by this court in United States v. Lonidier, 427 F.2d 30 (9th Cir. 1970). In that case, the registrant, as here, qualified his responses to the Security Questionnaire and his induction was "held in abeyance" pending completion of a security investigation which lasted more than the 120-day maximum time period allowed by 32 C.F.R. § 1632.2.[1]

In case of death of a member of the registrant's immediate family, extreme emergency involving a member of the registrant's immediate family, serious illness of the registrant, or *other extreme emergency beyond the registrant's control,* the

Though the registrant did make a conscientious objector claim during this time, it was decided within eight days and did not significantly add to the delay.[2]

Thus, as in the case at bar, the delay that occurred was not the fault of the registrant. The prolonged state of limbo in which he found himself was not of his own creation.

It may be argued, however, that this case does differ from *Lonidier, supra,* in one respect. In that case, the court, in distinguishing United States v. Evans, 425 F.2d 302 (9th Cir. 1970), noted that in *Lonidier* the local board purported to act under § 1632.2 while it did not do so in *Evans.* Here, the local board did not characterize its postponements as being authorized by § 1632.2. However, the facts of this case and *Lonidier* are so similar that we feel we must treat this case as one in which the local board did, in effect, rely on § 1632.2. Indeed, we note that in *Evans,* in addition to not purporting to act under § 1632.2, the local board was besieged with a variety of claims from the registrant who thereby, himself, was responsible for much of the delay that occurred. In short, we feel that *Lonidier* requires that we reverse appellant's conviction.

In so doing, we note that there are sound policy reasons for this result. At a time when the President, Congress and the Director of Selective Service are all attempting to infuse the present draft law with as much certainty as possible, we feel it would be totally anomalous to

hold that the local board could, in effect, keep a registrant guessing as to his ultimate fate beyond the time specified in the regulations. Further, in addition to keeping a registrant in this state of limbo, such a procedure requires that the registrant be held to a higher standard in submitting any new deferment claims that may arise. That is to say, since he would be under an induction order, he would have to show that any change in his status that may have occurred resulted from circumstances over which he had no control. Placing a registrant in such a disadvantageous position for an indefinite period of time, we feel, simply cannot be justified.

Appellant raises two additional issues. He argues that his explanation of why he felt there were incidents in his life which could reflect upon his loyalty to the United States should have been viewed as a conscientious objector claim, requiring the local board to either reopen or issue a statement noting that they failed to reopen. Appellant also argues that his order to report for induction was invalid for while the order itself was signed by a member of the local board, there was no indication that the board had actually met and determined that appellant should be selected for induction. Because we feel appellant's first point requires reversal, we feel it is not necessary to decide these issues.

The case is reversed and remanded to the trial court with directions to dismiss the indictment.

---

local board may, after the Order to Report for Induction (SSS Form #252) has been issued, postpone the time when such registrant shall so report for a period not to exceed 60 days from the date of such postponement, subject, however, in cases of imperative necessity to one further postponement for a period not to exceed 60 days. * * *

2. It should be noted that in the case at bar appellant, in answering "yes" to

whether there were incidents in his life which could reflect upon his loyalty to the United States, wrote: "My refusal to abdicate the final responsibility in the taking of another human life." Appellant now contends that this should have been treated as a conscientious objector claim. It was not so treated and thus, for purposes of determining whether appellant himself added to the delay, this alleged claim is irrelevant.