**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gary Lee AUFDENSPRING, Defendant-
Appellant.**

**No. 25811.**

United States Court of Appeals,
Ninth Circuit.

March 11, 1971.

Chambers, Circuit Judge, concurred and filed opinion.

Neil F. Horton (argued), Johnston, Klein & Horton, Oakland, Cal., for appellant.

Alan H. Friedman, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Richard H. Kirschner, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, JERTBERG and MERRILL, Circuit Judges.

PER CURIAM:

Appellant was convicted of refusing to submit to induction into the Armed Forces of the United States, in violation of 50 U.S.C. App. § 462.

Appellant was classified I–A by his local board on July 22, 1964, and so notified. On October 24, 1966, he was ordered to report for induction on November 22, 1966. He did report but his induction was held in abeyance pending determination of his acceptability.

On November 25, 1966, appellant requested the local board to send him a conscientious objector form (SSS Form 150). On December 5, 1966, he returned the completed form to his local board.

On April 5, 1967, the Department of the Army informed the National Director of Selective Service that a neuropsychiatric evaluation would be required before a final determination could be made on appellant's acceptability for induction into the Armed Forces. The California Headquarters of Selective Service notified appellant's local board of this development, and requested the board to forward to the California Headquarters the appellant's complete file after the re-examination. The local board informed appellant that his induction had not been completed "pending clearance of your record" and that it would notify him after his records "have been cleared." Subsequently the local board directed appellant to report to the Armed Forces examining station on May 22, 1967, for further processing.

On June 26, 1967, the California Headquarters wrote the local board requesting the board to return the file if the re-examination had been completed. The local board responded that the Armed Forces examining station had forwarded appellant's papers to Army Headquarters in Hampton, Virginia, for evaluation, and stating that the Armed Forces could not give any estimate of the time this processing would take. The local board was holding appellant's file as "held in abeyance."

On August 16, 1967, the Armed Forces notified the local board that the appellant was now qualified for induction.

The local board, on August 22, 1967, notified the appellant of the receipt of such information and stated that in the near future appellant would receive notice from the board instructing him of the date and time he was to report for induction.

Under date of August 23, 1967, appellant acknowledged receipt of the board's letter of August 22, 1967, called the board's attention to the filing by him of the Conscientious Objector form on December 5, 1966, and closed his letter by stating:

> "Therefore, I think it only fair that I have the chance to meet with you and go over this in some detail. I have never once had the opportunity to talk to you."

Under date of September 12, 1967, the local board, pursuant to the request of June 26, 1967 therefor, forwarded appellant's Selective Service file to California Headquarters.

On September 29, 1967, the California Headquarters returned appellant's file "for further processing at this time" and stated:

> "We note the armed forces induction station has determined the registrant is now qualified for induction, effective August 16, 1967.
>
> "In view of the above, a new reporting date under the induction order issued on October 24, 1966, should now be issued, unless the local board determines a basis for deferment has now been established. If the local board determines not to defer the registrant then it should at least review the information submitted by him subsequent to the issuance of his induction order and advise him on C Form 140 that reopening of his classification is not warranted on the facts."

Under date of October 23, 1967, the local board wrote to appellant on a Form C–140 letter which reads as follows:

> "Re: Conscientious Objector Status
> "Dear Sir:
>
> "This will acknowledge receipt of your communication relative to your Selective Service status. The information contained therein has been considered by this board and it is of the opinion that the facts presented do not warrant the reopening or reclassification of your case at this time."

A note at the end of the letter also notified appellant that the board had denied his request for an interview.

On October 31, 1967, the local board sent appellant a letter ordering him to report for induction on November 28, 1967. The letter further stated:

> "On October 24, 1966, this local board mailed you an Order to report for Induction (SSS Form 252) on November 22, 1966. You are still under that original order.
>
> "Pursuant to the Induction Station's direction your actual induction was not completed pending further clearance of your records.
>
> "You are now found to be acceptable for service in the Armed Forces and are directed to report * * * on November 28, 1967, at 6:00 A.M., Promptly, for completion of your induction."

On November 8, 1967, the local board received from appellant "Request for Undergraduate Student Deferment," together with supporting papers, in which he requested that he be granted deferment in Class II–S.

On November 16, 1967, the local board notified appellant on a Form C 140–L re: Student Status, in which it acknowledged receipt of appellant's request for student deferment and stated:

> "The information contained therein has been considered by this board and you are hereby advised it did not specifically find that there has been a change in status resulting from circumstances over which you had no control. In its opinion, the reopening or reclassification of your case is therefore not warranted."

The letter also reminded appellant that he was required to report for Armed Forces Induction on November 28, 1967, as ordered.

On November 28, 1967, appellant appeared at the Armed Forces examining station and refused to submit to induction.

It is to be noted that the letter of September 29, 1967, from California Headquarters, above quoted, returning appellant's file to the local board for further processing placed no restriction or restraint on the local board in the re-processing of appellant's file. The letter specifically directed that the Board advise appellant of its action on Form C 140, which the local board did. See letter of October 23, 1967, quoted above.

The Form C 140 letter is to be contrasted with the Form C 140–L letter dated November 16, 1967, and quoted above, which the local board sent to appellant and wherein appellant's request for student deferment was denied because the Board:

"[D]id not specifically find that there has been a change in status resulting from circumstances over which you had no control. In its opinion, the re-opening or reclassification of your case is therefore not warranted."

In our view of the record, the judgment of conviction here must be reversed on the ground that appellant was denied procedural due process and was thereby prejudiced. See Miller v. United States, 388 F.2d 973 (9th Cir. 1967).

As stated in *Miller, supra*, at page 975, the effect of the letter of the California Headquarters, dated September 29, 1967, to the local board, returning appellant's Selective Service file "for further processing at this time," was to

"open up the situation to consideration by the local board of appellant's conscientious-objector claim and request for change of classification *in the same manner and to the same extent as if the induction order had not been issued.*" (Italics added.)

Admittedly the facts relating to appellant's claim to have become a Conscientious Objector were not presented or considered at the time he was given his I–A classification.

As in *Miller, supra*, it cannot be held that the statements and information in appellant's executed Form No. 150, if true, would not be able to provide the basis for a Conscientious Objector classification, and so could not justify a consideration of the question of change in his classification.

We have carefully reviewed the opinion in *Miller, supra*, in light of the record in the instant case, and while there may be minor and insignificant differences in the facts, we perceive no significant difference in the essential and material facts of the two cases and believe that the reversal of the judgment of conviction in *Miller* compels a like holding in this case. We adopt by reference the discussion in *Miller* of the applicable laws and regulations and their application to the facts in that case as applicable with like force to the facts in the instant case.

The judgment of conviction is reversed.

CHAMBERS, Circuit Judge (concurring):

It seems to me that when a board decides to give a registrant a little grace at or after induction day, it would be better to formally vacate the existing induction notice. I believe it would lead to clearer thinking on the procedural steps to be observed thereafter.

I am not advocating more grace. There should be a cutoff date after which the registrant would have to go into the army and thereafter he could follow the established procedures to get out.

But holding a fellow half in and half out leads to trouble. On the facts of this case, I concur.