UNITED STATES of America, Appellee,

v.

Michael Anthony MUNSEN, Appellant.

No. 71–1275.

United States Court of Appeals, Ninth Circuit.

June 11, 1971.

Hamlin, Circuit Judge, dissented.

Michael H. Weiss, San Francisco, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLIN and WRIGHT, Circuit Judges, and GOODWIN, District Judge.*

ALFRED T. GOODWIN, District Judge:

Munsen appeals from his conviction for refusing to submit to induction into the Armed Forces in violation of 50 U. S.C. App. § 462.

Munsen registered with his local board in Portland, Oregon, in 1966 and, after a physical examination, was classified I–A.

In January 1967, Munsen requested permission to leave the country in order to work as a merchant seaman. The local board consented to a two-month absence.

On October 6, 1967, Munsen married. The following week he again requested permission to leave the country. He testified that he told a clerk at the local board that he was married, and that his wife was pregnant. He said he explained that he wanted to work as a merchant seaman so he could support his new family. The file, however, contains no record of this conversation. The clerk was not called as a witness.

The district judge, sitting without a jury, did not believe Munsen's testimony, and found that Munsen had failed to advise the local board of his marital status when he visited the board's office October 12, 1967.

Whether or not Munsen informed the local board of his marriage, no change in classification was made. The clerk, without notifying the board, apparently told Munsen that permission to leave the country was denied "because he was to be inducted shortly."

Munsen nonetheless sailed as a merchant seaman on October 17, 1967. The day before he sailed, the local board mailed his notice to report for induction. It was returned to the local board from his last known address.

During Munsen's five-month absence, Mrs. Munsen's physician wrote to the local board and verified the marriage and pregnancy.

Munsen returned to Portland in March 1968. He reported to his local board and filled out a Current Information Questionnaire (S.S.S. 127). The State Director of the Selective Service System ordered Munsen to report for a physical examination. Munsen complied and was found acceptable. He was ordered to report for induction on September 18, 1968.

On September 16, 1968, Munsen requested a conscientious-objector Form 150. On September 18 the local board postponed Munsen's induction pending investigation of a marijuana offense.

On October 15, 1968, the state director reviewed Munsen's file and authorized a 30-day postponement of induction in order to review an anticipated conscientious-objector claim. Munsen did not file the Form 150, however, and his conscientious-objector claim was never considered.

On March 24, 1969, Munsen was again ordered to report for induction, and on April 29 he appeared and refused induction.

It was more than 18 months from the time Munsen was first ordered to report until he refused induction. Throughout this period, Munsen was under the severe procedural restrictions that result from the issuance of an induction order. 32 C.F.R. § 1625.2. For example, he might have pursued a III–A paternity deferment but for the outstanding order to report.

 Selective Service regulations created a duty upon the local board to induct Munsen within a maximum of 120 days or cancel his order to report

* The Honorable Alfred T. Goodwin, District Judge for the District of Oregon, sitting by designation.

for induction. 32 C.F.R. § 1632.2; United States v. Lonidier, 427 F.2d 30 (9th Cir. 1970); United States v. Stevens, 438 F.2d 628 (9th Cir. 1971). However, delays resulting from the actions of the registrant himself and accruing to his benefit do not invalidate an otherwise proper order even though induction may be postponed more than 120 days. United States v. Foster, 439 F.2d 29 (9th Cir. 1971).

■ The first five months of the 18-month delay were consumed by Munsen's unauthorized absence from this country. He has no standing to complain about this portion of the delay. Thereafter, however, the state director, at the request of the local board, reviewed the file and chose to order that Munsen be reprocessed for induction rather than criminally prosecuted. At this point, Munsen had a right under the *Lonidier* and *Stevens* cases not to be held "in limbo."

There is no question that some of the remaining delay was caused by Munsen himself. At Munsen's request and for his convenience, the place of his physical examination was transferred to California, and his place of induction was transferred twice. These requests resulted in 21 days' delay.

Munsen's last-minute request for the conscientious-objector Form 150 prompted further delay. The October 15, 1968, postponement for 30 days by order of the state director must be attributed to Munsen, even though some of this delay ran concurrently with the postponement for the investigation of Munsen's moral qualifications.

Finally, while awaiting induction in late 1968, Munsen retained an attorney. Apparently the attorney's request for a copy of Munsen's Selective Service file caused some additional delay, but it is impossible from this record to determine how much. It would be unreasonable to

charge Munsen with all the remaining delay.

■ It is apparent that time lost by reason of administrative inertia greatly exceeded the 120-day maximum permitted by 32 C.F.R. § 1632.2. The repeated postponements and delays in this case had the effect of keeping Munsen "guessing as to his ultimate fate beyond the time specified in the regulations." United States v. Stevens, 438 F.2d at 629.

Such a procedure places the registrant under more onerous burdens than other registrants in submitting deferment claims. A person in Munsen's situation must show, before a local board can consider his claim for deferment, that any change in status resulted from circumstances over which he had no control. Keeping a registrant in a position of such disadvantage for an indefinite period of time cannot be permitted under our decisions.

The delays in this case present precisely the situation envisioned in United States v. Aufdenspring, 439 F.2d 388 (9th Cir. 1971) (Chambers, J., concurring).

The judgment of conviction is reversed.

HAMLIN, Circuit Judge (dissenting):

I respectfully dissent.

The opinion reversing appellant's conviction is based on the delay between the original induction order, October 16, 1967, and the date upon which appellant refused to submit to induction, April 29, 1969.

As I see it, all of the delays and postponements between those two dates were triggered by the actions of appellant and were not prejudicial to him.

I do not believe they should now be considered sufficient to reverse his conviction.

I would affirm.