**Pvt. Melvyn S. HALL, Appellee,**

v.

**Brigadier General Darrie RICHARDS et al., Appellants.**

**No. 26138.**

United States Court of Appeals,
Ninth Circuit.

Aug. 13, 1971.

---

We leave these questions, along with many others, to another day.

Kilkenny, Circuit Judge, dissented and filed opinion.

Richard F. Locke, Asst. U. S. Atty. (argued), James Browning, U. S. Atty., San Francisco, Cal., for appellants.

Stephen Adams (argued), Adams & Adams, San Francisco, Cal., for appellee.

Before DUNIWAY, ELY and KILKENNY, Circuit Judges.

PER CURIAM:

■ The District Court granted the appellee's petition for a writ of habeas corpus.[1]

A local Selective Service Board issued an Order that the appellee report for induction into the armed services.[2] Thereafter, the Board considered the appellee's claim for occupational deferment, presented by him and his employer. After the original Order to report for induction was issued, the appellee also notified the Board of the pregnancy of his wife and claimed a III–A deferment.

■ On this appeal, the appellants argue that the Board found no change in the registrant's status which resulted from circumstances beyond his control, that there was no reopening of his I–A classification, and that the appellee was therefore not entitled to attack the validity of the Order for induction. We reject the argument upon the basis of our conclusion that the Board did in fact reopen the appellee's classification. *See* Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970). *See also* Miller v. United States, 388 F.2d 973 (9th Cir. 1967). Inasmuch as there was a *de facto* reopening, Hall's claim for the III–A deferment should have been granted.

Affirmed.

KILKENNY, Circuit Judge (dissenting):

I am convinced that appellee should have exhausted his administrative remedies pursuant to the provisions of Army

1. Habeas corpus is an appropriate remedy in the circumstances of the present case. *See* Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970) ; *cf.* Andre v. Resor, 443 F.2d 921 (9th Cir. 1971).

2. The appellee's induction followed a postponement of an Order first issued on October 23, 1968, over seven months before another notice, as distinguished from Order, to report. Because of the lapse of time, the validity of the Order is questionable. *See, e.g.,* United States v. Munsen, 443 F.2d 1229 (9th Cir. 1971) ; United States v. Foster, 439 F.2d 29 (9th Cir. 1971) ; United States v. Stevens, 438 F.2d 628 (9th Cir. 1971) ; United States v. Lonidier, 427 F.2d 30 (9th Cir. 1970). It is, however, unnecessary for us to reach that issue.

Regulation 635–200.[1] Here, we are faced with a post-induction problem, rather than the pre-induction affair which was before the court in Breen v. Selective Service Board, 396 U.S. 460, 90 S.Ct. 661, 24 L.Ed.2d 653 (1970), cited by the majority. Apparently, the exhaustion of remedies issue was not presented to the panel in Andre v. Resor, 443 F.2d 921 (9th Cir., June 11, 1971), another case cited by the majority. The record shows that the pregnancy occurred after the order to report for induction. The over-all legal philosophy employed in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (April 21, 1971), should be here applied. I would reverse.

"b. An individual claiming erroneous induction because of denial of a procedural right as provided by the Military Selective Service Act of 1967, may submit a request for release from custody and control of the Army. All requests for release will be forwarded to commanders specified in section VI, chapter 2, and by them, to the Director, Selective Service System, Washington, D.C. 20435, for his recommendation. Upon return of a case from the Director of Selective Service, a commander specified in section VI, chapter 2, will—

(1) Disapprove the request for release when the individual was not denied a procedural right, or

(2) Forward the request for release together with the recommendation from the Director of Selective Service when the individual was denied a procedural right to The Adjutant General, Department of the Army, ATTN: AGPO-SS, Washington, D.C. 20315.
[AR 635–200, Chapter 5, Section III, 5–5. b. (1) (2)]."