**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Anthony WHITE, Defendant-**
**Appellant.**

**No. 71-1670.**

United States Court of Appeals,
Ninth Circuit.

Sept. 14, 1971.

Rehearing Denied Oct. 5, 1971.

J. B. Tietz, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., William R. Hawes, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY, WRIGHT and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

White appeals from his conviction for refusing to submit to induction into the Armed Forces in violation of 50 U.S.C. App. § 462. We affirm.

On May 28, 1968, appellant was mailed an Order to Report for Induction with a reporting date of June 19, 1968. He failed to appear for induction. On November 12, 1968, he denied having received the order to report. On January 22, 1969, appellant's local board ordered him to report for induction on February 5, 1969. Appellant again failed to appear.

On May 6, 1969, the board received a letter from appellant in which he said: "Please send me an order to report for induction. There has been a continual foul-up; on my mail, my relatives *and my own conduct, I must admit.*" (Emphasis added.) On May 22, 1969, the board again wrote appellant, reminding him of his continuing duty to report, and ordering him to report for induction on June 10, 1969. On June 2, 1969, appellant requested the "Conscientious Objector" form, Form 150. It was issued and completed the same day. Appellant reported on June 10, 1969, but refused induction.

On July 24, 1969, the United States Attorney declined to prosecute so that the board could consider appellant's conscientious objection claim. His letter stated: "If the Local Board, upon review, finds no facts warranting a reopening of regis-trant's classification, it is recommended that he be sent a continuing duty order for induction."

On September 25, 1969, the board voted to call appellant for an interview. On November 13, 1969, he was invited to appear before the board. After several postponements, he was interviewed on April 9, 1970. The board determined, correctly, that appellant had presented no information justifying a finding that there had been a change in circumstances over which appellant had no control. The board thus declined to reopen his classification under 32 CFR § 1625.2.

On August 18, 1970, appellant was mailed a continuing duty letter ordering him to report for induction on September 1, 1970. He reported, refused to submit to induction, was indicted and convicted.

Appellant raises two contentions on appeal. First, he argues that his local board was required to reopen his classification after he filed his conscientious objection claim on June 2, 1969. In this contention he is clearly in error. When he submitted his conscientious objection claim he had already received and disobeyed an order to report for induction. He was under a continuing duty to report for induction. 32 CFR § 1642.15.

Under Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), the local board was not required to reopen his reclassification after the order to report was mailed, and *a fortiori* was not required to do so after the order had been disobeyed. *See also* United States v. Bloom, 444 F.2d 1399 (9th Cir. 1971); United States v. Nix, 437 F.2d 746 (9th Cir. 1971); United States v. Hart, 433 F.2d 950 (9th Cir. 1970); and United States v. Blakely, 424 F.2d 1043 (9th Cir. 1970). Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970), on which appellant relies, is clearly distinguishable. There the conscientious objection claim was filed before the mailing of the order to report for induction.

■ Appellant next argues that the United States Attorney's decision not to prosecute immediately and the decision of the local board to grant him an interview after his refusal to submit to induction on June 10, 1969, constituted a *de facto* reopening of his classification. Appellant urges upon us Miller v. United States, 388 F.2d 973 (9th Cir. 1967) and Howze v. United States, 409 F.2d 27 (9th Cir. 1969).

*Miller*, decided before *Ehlert*, is distinguishable. In *Miller*, the state director expressly authorized the local board to reopen the classification, which the United States Attorney had no power to do. Further, in the present case, the United States Attorney requested a review of the file, not a reopening of the classification. Finally, in *Miller*, the postponements of induction, the letter from the state director, and the review of the file all took place *before* the registrant disobeyed an order to report for induction. Under *Hart*, the local board is powerless to reopen a registrant's classification after the registrant has disobeyed an order to report for induction. Moreover, even if the board had had authority to reopen, appellant failed to show circumstances beyond his control. 32 CFR § 1625.2.

*Howze* is also of little help to appellant. First, it is not clear whether Howze's claim was pressed before or after an order to report for induction was mailed. Second, it appears Howze presented *prima facie* evidence of circumstances beyond his control. Finally, there is no suggestion that Howze had already disobeyed an order to report for induction before presenting his claim.

■ Although appellant does not raise the issue, we note that more than 120 days elapsed between the date on which appellant was first ordered to report (June 19, 1968) and the date on which he finally refused to submit to induction (September 1, 1970) resulting in his conviction. We distinguish United States v. Munsen, 443 F.2d 1229 (9th Cir. 1971), United States v. Stevens, 438 F.2d 628 (9th Cir. 1971), and United States v. Lonidier, 427 F.2d 30 (9th Cir. 1970), in which convictions were reversed because more than 120 days had elapsed between the original reporting date and the final reporting date. *See* 32 CFR § 1632.2.

In all of those cases the registrant reported for induction. His induction was then officially held in abeyance pending investigation to determine his fitness for service (*i.e.*, for the benefit of the government). There were security investigations in *Stevens* and *Lonidier*, and investigation of a marijuana offense in *Munsen*. Those three cases hold that a registrant who has willingly reported and whose induction has been officially held in abeyance for the benefit of the government can complain of ensuing administrative delay. Delay in excess of 120 days effects a cancellation of the induction order.

Appellant, on the other hand, had willfully and repeatedly failed to appear for and submit to induction. There was no official holding in abeyance and no benefit to the government from the delay. Rather, the delay resulted from the government's giving appellant several chances to avoid criminal prosecution (by re-scheduling his induction) and giving consideration to appellant's very belated conscientious objection claim.

Unlike the registrants in the three cited cases whose inductions were officially held in abeyance, appellant was under the "continuing duty" (of one who has already disobeyed) to report for and submit to induction.[1] 32 CFR §§ 1642.-2, 1642.15.

---

1. Although in *Munsen* the registrant had once failed to report for induction, the record in that case clearly shows that he was given another chance and reported willingly on September 18, 1968. At this point his local board officially postponed his induction for the benefit of the government. Thus the administrative delay which led to reversal in *Munsen* occurred after Munsen had purged himself of his original failure to report.

We hold that one who has willfully failed to appear for or refused to submit to induction when validly ordered to do so cannot thereafter complain of mere administrative delay.

Affirmed.