**UNITED STATES of America,**
**Plaintiff,**

v.

**Thomas Dee ABERNATHY, Defendant.**

**Crim. A. No. 71–CR–148.**

United States District Court,
D. Colorado.

Dec. 7, 1971.

Gordon L. Allott, Jr., Asst. U. S. Atty., Denver, Colo., for plaintiff.

Elmer Lee Hamby, Denver, Colo., for defendant.

FINDINGS OF FACT AND ORDER

CHILSON, District Judge.

Defendant was charged with a violation of 50 U.S.C. App. § 462(a), failure to submit to induction into the Armed Forces of the United States. Trial was to the Court without a jury.

Briefs in support of and in opposition to a motion for acquittal have been received. The issue discussed by these briefs is whether a delay in excess of six months between the issuance of an order

for the defendant's induction into the Armed Forces and the fixing of the date and place at which defendant was to appear for such induction had the effect of cancelling or invalidating the order for induction.

The pertinent facts contained in defendant's Selective Service file (Exhibit 1) are as follows: Defendant was classified 2–S until February 20, 1969, when defendant's Local Board No. 236 in Missouri, learned he had withdrawn from school. On March 13, 1969, an order was issued requiring defendant to report for a physical examination on April 21, 1969.

Defendant requested that the physical examination be transferred to Breckenridge, Colorado. The request was granted March 20, 1969. Subsequently, defendant transferred his physical examination back to his Local Board in Missouri.

Upon examination, defendant was found acceptable and was so notified on April 30, 1969.

On July 15, 1969, the original order to submit for induction was sent to the defendant and ordered him to report for induction in St. Louis, Missouri on August 8, 1969. On July 21, 1969, defendant requested a transfer of induction to Breckenridge, Colorado. Approval of this request was made by defendant's Local Board in Missouri on July 25, 1969.

The order for induction dated July 15, 1969, is composed of two parts, first, an order for induction into the Armed Forces and second, an order fixing the time and place to report for such induction. The order of July 15, 1969, is the only order entered by the Board ordering the defendant's induction into the Armed Forces. The time and place fixed for defendant to report for the induction was changed by approval of the defendant's request for a transfer of his induction to Breckenridge, Colorado.

The authority for the approval of such transfer and the change of date for a registrant to report in case of a transfer is regulated by 32 C.F.R. § 1632.9(g) which states:

"When the local board to which the registrant has been transferred for induction receives the papers from the registrant's own local board, as provided in paragraph (f) of this section, it shall proceed to deliver him for induction as soon as practicable after the date fixed for him to report for induction in the Order to Report for Induction (SSS Form 252) issued by his local board. Whenever possible, the local board of transfer shall deliver the transferred registrant for induction with its next induction call, but if there be no such call within 30 days after the local board of transfer receives the papers from the registrant's own local board, it shall deliver the transferred registrant specially. When the transferred registrant is to be delivered specially, the local board of transfer shall rquest its State Director of Selective Service to make the necessary arrangement to deliver the transferred registrant specially at the earliest possible date. The local board to which the registrant has been transferred for induction shall prepare an order for transferred man to report for induction (SSS Form 253) in duplicate, mail the original to the transferred registrant and file the copy. The local board to which the registrant has been transferred for induction shall add the name of the registrant to its Delivery List (SSS Form 261) indicating in the "Remarks" column thereof that the registrant has been transferred from another local board."

However, due to an oversight on the part of the transfer board (Breckenridge, Colorado) there was no compliance with the time requirements of the foregoing regulation.

It wasn't until February 10, 1970, that the transfer board notified the defendant to report to Denver, Colorado, on February 26, 1970, for induction. This date was extended to March 19,

1970, at the request of the defendant on his representation that he had a sprained ankle.

On March 19, 1970, the defendant refused induction by a written statement which reads as follows:

"I refuse to be inducted into the Armed Services of the United States at this point. My reasons concern the morality of our actions in Vietnam, specifically our contribution to the genocide there. I also feel there is a lack of attending to individuals as such in the processing system."

32 C.F.R. § 1632.2 provides for the postponement of the time to report for induction, after the order for induction has been issued, but for a period of not to exceed 120 days. This regulation also provides that the local board *shall* issue to the registrant whose induction is postponed, a "Postponement of Induction (SSS Form 264)" and mail a copy to the State Director and file a copy in the registrant's file. Admittedly, the board did not comply with this mandatory requirement.

We are called upon here to determine what effect the failure of both the local board and the transfer board to comply with these regulations has on the original order for induction issued July 15, 1969, and the order requiring defendant to report for induction on March 19, 1970.

The defendant contends that this failure invalidates the order for induction issued July 15, 1969, and that proceedings of the board beginning on February 10, 1970, which resulted in the order to the defendant to report for induction on March 19, 1970, are without legal effect. The defendant cites the following authorities to support his contention.

United States v. Lonidier, 427 F.2d 30 (9th Cir. 1970); United States v. Stevens, 438 F.2d 628 (9th Cir. 1971); United States v. Foster, 439 F.2d 29 (9th Cir. 1971); United States v. Munsen, 443 F.2d 1229 (9th Cir. 1971); Liese v. Local Board *No. 102*, 440 F.2d 645 (8th Cir. 1971).

Apparently, this question has not received the attention of the Tenth Circuit.

Since neither the local board nor the transfer board acted within the time limits provided by the regulations to fix a time for the defendant to report for induction, there is no longer any authority in either board to fix a time and place for defendant to report for induction and to order him to do so. Consequently, the order for defendant to report for induction on March 19, 1970, is without legal effect and has no validity.

The refusal of defendant to comply with this invalid order cannot support a criminal conviction for such refusal.

The Court finds the defendant is not guilty of the offense charged.

It is therefore ordered that judgment of dismissal of the information shall forthwith enter.