**UNITED STATES of America,
Appellee,**

v.

**Clyde William BRUNNER, Appellant.**

**No. 71-3003.**

United States Court of Appeals,
Ninth Circuit.

April 6, 1972.

Philip F. Jones, of Jones, Tollefson & Velasco, San Fernando, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Barry Russell, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before HAMLEY, MERRILL and TRASK, Circuit Judges.

PER CURIAM:

Clyde W. Brunner appeals his conviction for failure to report for induction on August 11, 1970, in violation of 50 U.S.C. App. § 462.

Brunner received his initial induction order in August, 1969. He failed to report, ostensibly because he was in the Riverside County Jail on the date of his induction. The local board sent him a notice of his continuing duty to report for induction, and scheduled four more induction dates. Brunner did not complete induction at any of them. He now challenges, on two grounds, his conviction for failing to report on the fifth induction date.

First, he asserts that the August, 1970 induction order was invalid because it was based on an order issued in August, 1969, more than one hundred and twenty days before the final induction date. The one-hundred-and-twenty-day provision of 32 C.F.R. § 1632.2 is inapplicable to this case for several reasons. First, there was no "extreme emergency beyond the registrant's control" here. Brunner surrendered himself to the police. Second, any delay accrued to his benefit and cannot be counted toward the one-hundred-and-twenty-day limit. United States v. Foster, 439 F.2d 29 (9th Cir. 1971). Third, the one-hundred-and-twenty-day provision is inapplicable to registrants who refuse to appear for or submit to induction. United States v. White, 447 F.2d 1124 (9th Cir. 1971). Finally, Brunner was under a continuing duty to report under 32 C. F.R. §§ 1642.2 and 1642.15. That continuing duty is explicitly extended to registrants in custody. See 32 C.F.R. §§ 1642.32 and 1642.33 and United States v. Jenson, 450 F.2d 1258 (9th Cir. 1971).

Alternatively, Brunner contends that he was entitled to a I–Y classification on the basis of his letter informing the board of his arrest. However, an induction order was outstanding, and Brunner did not and could not demonstrate that a change in his classification was warranted by circumstances beyond his control as required by 32 C.F.R. § 1625.2. Nor did the letter itself present a prima facie case for a I–Y classification based on criminal activity. He was in jail on a traffic violation, nothing more. Finally he did not ask for a I–Y classification. United States v. Currier, 453 F.2d 1242 (9th Cir. 1972).

Affirmed.