**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Patrick KELLY, Defendant-Appellant.**

**No. 72-2112.**

United States Court of Appeals, Ninth Circuit.

Nov. 6, 1972.

T. Roger Duncan, Hollywood, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, D. Henry Thayer, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before ELY and GOODWIN, Circuit Judges, and ENRIGHT,* District Judge.

* The Honorable William B. Enright, United States District Judge for the Southern District of California, sitting by designation.

**1312**

ALFRED T. GOODWIN, Circuit Judge.

Richard Kelly appeals his conviction for refusing to submit to induction into the Armed Forces. We affirm.

On August 18, 1965, Kelly registered with his local Selective Service board. At a properly scheduled preinduction physical examination administered on December 26, 1967, he was found acceptable for induction. After classifying him for a time as a student, the local board reclassified Kelly I–A. Kelly did not appeal this classification.

■ On April 17, 1970, the local board ordered Kelly to report for induction. The day before he was to report, Kelly's personal physician wrote the local board to inform it that Kelly was under medical treatment. This letter did not constitute a prima facie case for reopening the file. The local board did not reopen, and Kelly did not appear as ordered.

Two weeks after his failure to report, Kelly wrote the board the following letter:

"Hey 134,

"I would like, very much, a consciousness [sic] objector form. Pretty please."

The local board sent him Form 150, but Kelly returned it, complaining that it was obsolete in the light of Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). He asked for the "new" form for "moral" objectors.

The board did not respond directly to Kelly's request for the "moral" form, but it did hold a "courtesy interview" for him. Following the interview, the board declined to reopen Kelly's classification and rescheduled his induction for September 22, 1970. Again, Kelly did not appear. Prosecution, conviction, and this appeal followed.

Kelly submits that his I–A classification was invalid because he should have been found unacceptable for service at his 1967 preinduction physical examination. However, Kelly made no effort to seek administrative review of his medical record within the Selective Service System. Although he was twice reclassified after his 1967 physical examination, Kelly pursued none of the available administrative remedies.

Further, assuming, without deciding, that under the flexible exhaustion doctrine of McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), a registrant in Kelly's position need not exhaust his administrative remedies in order to utilize a defense of misclassification, the evidence of misclassification adduced in this case is insufficient to warrant reversal of his conviction.

■ Although the examining physicians at the preinduction physical determined that Kelly was fit for service, Kelly now asserts that his blood pressure reading was unacceptably high. The entry concerning his systolic blood pressure was not clearly written. Under the applicable regulations a reading in excess of 140 is unacceptable. A.R. 40–501 § 2–19(b). The trial judge thought the figure entered in the record was either 50 or 150; Kelly says it was 150; the government suggests 130. We profess no expertise at graphology. Nonetheless, assuming that the physician's calligraphy was even less legible than that of his peers, an erroneous figure would not establish that Kelly was misclassified. Kelly made no effort to call as a witness the physician who wrote the penciled entry, or even another doctor or expert reader of medical script. Kelly also failed to present any other blood-pressure readings which might have lent support to this theory about his 1967 blood pressure. We cannot say there was no basis in fact for the classification.

■ Kelly also alleges several errors relating to the denial of his conscientious-objector claim. However, all these assignments overlook the effect of Kelly's delaying until after he received

his induction notice to make his claim. A local board is not empowered to reopen a classification on the basis of a claim of conscientious objection lodged after a registrant has been ordered for induction. Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

■ In United States v. Timmins, 464 F.2d 385 (9th Cir. 1972), a registrant seeking classification as a conscientious objector prior to receiving the notice to report for induction was prejudiced by the board's failure to correct his misunderstanding about Form 150. A registrant who seeks to bring himself under the *Timmins* rule, however, must inquire about conscientious-objector status before he is ordered to report.

Finally, Kelly complains that his induction was postponed from May 19, 1970, to September 22, 1970, a total of 126 days. The Selective Service regulations authorize postponements under appropriate circumstances, but such postponements must not exceed 120 days. 32 C.F.R. § 1632.2.

■■ We cannot accept the government's view that because the local board phrased the order to report on September 22 in the form of a "continuing duty letter" no Section 1632.2 postponement took place. The gravamen of Kelly's complaint is that the board did not follow the postponement procedure of Section 1632.2, the only mode of postponement countenanced in the regulations, even though, as in United States v. Johnson, 457 F.2d 942, 943 (9th Cir. 1972) (per curiam), "the effect of the board's action was to postpone." We recognize that a registrant is under a "continuing duty" to report for induction, 32 C.F.R. § 1632.14, but the import of our previous cases is that to delay an induction for more than 120 days a board must cancel the outstanding order and issue a new one, thereby temporarily freeing the registrant of the procedural handicaps in the postinduction notice period. United States v. Johnson, *supra;* United States v. Stevens, 438 F.2d

628, 629 (9th Cir. 1971). *But see* United States v. Brunner, 457 F.2d 1301 (9th Cir. 1972); United States v. Ritchey, 423 F.2d 685, 686 (9th Cir. 1970).

■ Nor do we agree with the government that as one who did not appear for induction Kelly cannot avail himself of this defense. We do not believe that United States v. White, 447 F.2d 1124 (9th Cir. 1971), cert. denied, 404 U.S. 1049, 92 S.Ct. 714, 30 L.Ed.2d 740 (1972), and the per curiam adherence to it in United States v. Brunner, *supra,* stand for the dogmatic proposition that excessive delay cancels an induction order only if the registrant presents himself at the Armed Forces Entrance and Examining Station. The policies underlying our interpretation of Section 1632.2—our concern with the uncertainty engendered by delays in the postinduction notice period and the procedural implications of being held "in limbo" during that period (*see* United States v. Stevens, 438 F.2d at 629)—surely have nothing to do with the physical presence of the registrant at the induction center. Rather, we think the decision in *White* is grounded in the fact that the postponements there resulted from requests for delay made by the registrants and granted for their convenience. *See also* United States v. Foster, 439 F.2d 29, 31, (9th Cir. 1971).

■ As in *White* and *Foster,* because we conclude that the excessive delay was induced by the registrant himself, we find no merit in his reliance upon the passage of time. While, in this case, some of the 126 days may have elapsed "by reason of administrative inertia," United States v. Munsen, 443 F.2d 1229, 1231 (9th Cir. 1971), it is obvious that many more than six days of the delay were directly attributable to Kelly's request for a conscientious-objector form, his correspondence concerning the form, and his interview before the board. This delay "resulting from the actions of the registrant himself and accruing to his benefit [does] not invalidate an other-

**1314**

wise proper order even though induction may be postponed more than 120 days * * *." United States v. Munsen, 443 F.2d at 1231.

Affirmed.