**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Wayne Nelson BERRY, Defendant-Appellant.**

**No. 26880.**

United States Court of Appeals, Ninth Circuit.

May 14, 1971.

**6**

James F. Flynn, Bellingham, Wash., for defendant-appellant.

Stan Pitkin, U. S. Atty., Tacoma, Wash., Vinta Jo Neal, Sp. Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before MERRILL, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

Wayne Nelson Berry appeals from a conviction for violating 50 App. U.S.C. § 462(a): failing to report for civilian employment as ordered in lieu of induction into the armed forces. We affirm.

Berry was classified I–O (Conscientious Objector) by his local Board on May 20, 1968. Three days before he was ordered to report to the Board for instruction to proceed for civilian work at Western State Hospital in lieu of induction he wrote the Board requesting a ministerial classification (IV–D). He stated that he was devoting one hundred hours per month to field service activity for the Jehovah's Witnesses and, in addition, was serving as a Book Study Servant in the Lake Stevens Congregation. The letter gave no indication whether his work as a Jehovah's Witness was his regular or customary vocation.

On the reporting date, Berry appeared at the local Board and, in support of his request for a ministerial classification, submitted several letters from various officials in the Lake Stevens Congregation which indicated that he was serving as a Vacation Pioneer and Book Study Servant, had averaged sixty-five hours of work per month in this capacity for the previous six months, and was working toward the goal of full-time ministry. In addition, Berry then signed a statement indicating that he would not report for civilian work. The Board took no action on the request and Berry failed to report for work as ordered by the Board.

The post-order facts presented by Berry to the local Board did not show a change in status resulting from circumstances beyond his control; neither did they constitute a prima facie case for classification as a minister. United States v. Campbell, 439 F.2d 1087 (9th Cir. Mar. 2, 1971). Thus, Berry did not meet the requirements which are essential to a reopening of a classification under Selective Service Reg. 1625.2. Unit-

ed States v. Bowen, 423 F.2d 266 (9th Cir. 1969).

■ Since the local Board was powerless to reopen Berry's classification, its failure to meet and consider the request to reopen, and to notify Berry of that action under Reg. 1625.4, although a procedural error, was not prejudicial and therefore does not require reversal. Battiste v. United States, 409 F.2d 910 (5th Cir. 1969) (remanded on other grounds, 397 U.S. 48, 90 S.Ct. 812, 25 L.Ed.2d 35, subsequent opinion 428 F.2d 801, 1970).