**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Edwin DRAPER, Defendant-Appellant.**

**No. 71–1895.**

United States Court of Appeals,
Ninth Circuit.

Oct. 7, 1971.

Michael E. Somers (argued), Somers & Kallen, Santa Monica, Cal., for appellant.

Robert P. Scheinblum, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and SMITH *, District Judge.

SMITH, District Judge.

Appellant was convicted for failing to report for civilian work in violation of 50 U.S.C. App. § 462. His conviction was affirmed in Draper v. United States, No. 25,199 (9th Cir., decided December 14, 1970). Following the mandate appellant moved for a new trial on the ground of newly discovered evidence. We assume for the purposes of this opinion that the evidence was new and was diligently discovered in accordance with the rule announced in Balestreri v. United States, 224 F.2d 915 (9th Cir. 1955).

The facts pertinent to this appeal and the order denying the motion for new trial are: In December 1965 appellant was classified as a conscientious objector (I–O) and following his employment by Goodwill Industries of Sacramento in October 1966 was classified I–W. His employment was terminated by Goodwill Industries in November 1966 for substandard performance. In April 1967 appellant was accepted by VISTA as a trainee, took training, and secured a job with VISTA. In March 1967 and January 1968 an official of VISTA wrote letters to the local board and on appellant's suggestion mailed them to the state director. For the purposes of this opinion we assume that these letters were sufficient to constitute a request for a II–A classification on the ground of civilian employment. These letters were never forwarded by the state director to the local board, and no action was ever taken by anyone with respect to the II–A request. On May 13, 1968, defendant completed his VISTA service, and on October 15, 1968, was given credit for 12 months work with VISTA and ordered to report for civilian work to Goodwill Industries in Santa Ana, California. Appellant did not report. This conviction resulted from that failure.

Appellant now argues that when Goodwill Industries terminated his employment he was, by reason of 50 U.S.C. App. § 456(k) [1], automatically declassified as I–W because he was not performing work of national importance in accordance with the order of the local board; [2] that under 32 C.F.R. § 1625.11 appellant was subject to reclassification as though he had never been classified; that he had a right to the consideration by the local board of the II–A request and a right to an appellate review of any local board order. We assume for the purposes of this opinion that had ap-

---

* The Honorable Russell E. Smith, Chief Judge of the United States District Court for the District of Montana, sitting by designation.

1. "No exception from registration, or exemption or deferment, from training and service, under this title (sections 451, 453, 454, 455, 456 and 458–471 of this Appendix), shall continue after the cause therefor ceases to exist."

2. See 32 C.F.R. § 1622.16.

pellant been accorded all of the rights which he claims the facts giving rise to this prosecution would not have been present.

■ After the entry of an order requiring a registrant to report for civilian work a local board is powerless to reopen his classification in the absence of change in the registrant's status resulting from circumstances over which the registrant had no control.[3] The claim for a new occupational classification did not create a change in status resulting from circumstances over which appellant had no control. United States v. Berry, 443 F.2d 5 (9th Cir., decided May 14, 1971). Since the board had no power to reclassify appellant, the failure to consider the letters requesting a II–A classification was not prejudicial.

■ If, as a matter of law, plaintiff ceased to be classified when his employment with Goodwill Industries terminated, then of course it would have been the duty of the local board to reclassify him. But that is not the law.

The statutes and regulations viewed in their entirety contemplate that when a registrant receives his I–O classification he becomes obligated to perform civilian work for 24 months in lieu of military training and service. 32 C.F.R. § 1622.16. When he reports for this work he is then classified as I–W and as such becomes subject to the direction of the State Director of Selective Service in the performance of that work. It is contemplated that the obligation for civilian work will be completed in a relatively continuous period. Obviously problems will be created by the obligation to perform civilian work—registrants will be fired for poor performance, illness will intervene, employers will run out of work, registrants will simply quit working. The problem of keeping a registrant continuously employed belongs to the state director. 32 C.F.R. § 1660.21(c) recognizes the fact that there will be interruptions in the continuity of the civilian work, and the state director is given the power to make new job assignments, and under some circumstance to give credit for intervals of unemployment between jobs.

■ We interpret the language of 32 C.F.R. § 1622.16, in conjunction with the remainder of the regulations, to mean that as a condition of the creation of the I–W status the registrant must be working in accordance with the order of the local board but that after having been placed in the I–W status he remains in it, subject to the direction of the state director, regardless of his work performance unless his classification is changed by the local board on account of circumstances over which the registrant has no control.

■ A contrary result is not required by 50 U.S.C. App. § 456(k).[4] The purpose of that section was not to breathe artificial requirements for reclassification into the system. Rather it was to insure that persons once exempted from military training and service did not remain so exempt after the original reason for the exemption failed.

■■ The words of § 456(k) do not bear upon the distinction between a I–O and a I–W classification. The section refers to the cause for the exemption from "training and service." It is the conscientious objection, not the performance of civilian work, which is the cause of the exemption. Failure to perform civilian work subjects the registrant to prosecution, not to military service. The use of the words "training and service" makes it clear that the section has no application to the conscientious objector doing civilian work. Throughout the act and the regulations the words "training and service" are used in connection with the Armed Forces and the National Security Corps. 50 U.S.C. App. §§ 454(a), 455(a) (1), 456(h) (1) and (2), 456(j), 32 C.F.R. §§ 1622.14, 1622.11, 1622.44, 1628.25(a), (c), (d), 1660.20. The work performed in lieu of service is continually referred to as "civilian work" and never as "training and

---

3. See 32 C.F.R. § 1625.2.

4. Supra note 1.

service." 50 U.S.C. App. § 456(j), 32 C. F.R. §§ 1622.16, 1622.50, 1625.2, 1628.10, 1660.1, 1660.20, 1660.21, 1660.30, 1661.-31.

■ Considered in the light of its purpose or by the evident meaning of the words used, § 456(k) has no application to a registrant classified as I–O and ordered to report for civilian work except that if the conscientious objection ceases to exist the cause for exemption also ceases to exist and the exemption does not continue whether the registrant is performing civilian work or not.

Affirmed.