**UNITED STATES of America**

**v.**

**Harley Stanford WINER, Appellant.**

**No. 71–1822.**

United States Court of Appeals,
Third Circuit.

Submitted under 3d Cir. Rule 12(6)
Dec. 13, 1971.

Decided March 2, 1972.

John David Egnal, Egnal & Egnal, Philadelphia, Pa., for appellant.

Richard R. Galli, Asst. U. S. Atty., Philadelphia, Pa. (Louis C. Bechtle, U. S. Atty., on the brief), for appellee.

Before VAN DUSEN and HUNTER, Circuit Judges, and LAYTON, District Judge.

OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal challenges a sentence of July 12, 1971, following a district court finding that defendant was guilty of an indictment charging that he "did knowingly and unlawfully fail, neglect and refuse to perform a duty required of him by the provisions of the [Selective Service Act of 1948, as amended] in that he did knowingly fail . . . and refuse to comply with a valid . . . order . . . dated November 17, 1967, directing him to report for and submit to induction . . . on November 27, 1967," in violation of 50 U.S.C. App. 462.[1]

---

1. Finding of Fact No. 26, which is supported by the evidence, provides:

"26. On November 27, 1967, defendant reported to the induction center in Coatesville and informed the Induction Clerk that he would refuse induction. After defendant was determined medi-

cally qualified and informed of the possible consequences of refusing induction, he wrote and signed a statement indicating the reasons for his refusal. Defendant then submitted at the induction center a completed Special Form For Conscientious Objector, SSS Form 150,

The defendant was first ordered to report for induction by order dated May 28, 1965, of Local Board No. 29 in Cumberland, Maryland. As a result of (1) requests for transfer to other Local Boards in California, Delaware and Pennsylvania and for postponement of reporting dates, as well as (2) reviews by the Selective Service System and the Department of Justice, defendant's reporting date was postponed on numerous occasions until the issuance of the above-mentioned November 17, 1967, order to report on November 27. On August 11, 1967, defendant had requested a student deferment since he was a student at Lincoln University, and on October 31, 1967, Local Board No. 29 reaffirmed a position it had previously taken by letter of June 15, 1967, denying his request for a II–S classification, since there had not occurred since May 28, 1965, a change in circumstances beyond his control. See 32 C.F.R. § 1625.2; Morgan v. Melchar, 442 F.2d 1082 (3d Cir. 1971).

 After the mailing of Conscientious Objector Form, SSS Form 150, to defendant on October 17, 1967,[2] the defendant wrote Local Board No. 29 on October 27, 1967, " . . . I have decided to forego for the time being the completion and submission of the consci-

entious objector form . . .," which letter was received by the Board on October 31, 1967. On October 30, 1967, Local Board No. 29 wrote defendant that it found no reason to consider his case since he had failed to return Form 150 within the specified time.[3] Defendant's contention that his requests for conscientious objector status in October and November 1967 required the reopening of his classification by the Local Board must be rejected because there was no basis for a finding by the Board that there had been a change in his status since the issuance of the May 28, 1965, order "resulting from circumstances over which [he] had no control." See 32 C.F. R. § 1625.2. In Ehlert v. United States, 402 U.S. 99, 108, 91 S.Ct. 1319, 1325, 28 L.Ed.2d 625 (1971), the Court said that 32 C.F.R. § 1625.2 "barred presentation to the local board of a claim that allegedly arose between mailing of a notice of induction and the scheduled induction date."

 Finally, defendant's claim that the postponement of his induction for a period greater than the 120 days provided for in 32 C.F.R. § 1632.2(a)[4] constituted a denial of due process is without merit. As to the period prior to May 8, 1967, the failure to require induction was at defendant's request and

which was received by Local Board No. 29 on December 4, 1967. Finally, when ordered to the ceremony room, defendant refused to take one step forward."

2. The draft board records show that a similar form had been mailed to Winer on December 3, 1965, but the trial judge stated "it is not clear whether defendant received" that form.

3. The defendant first made known his claimed conscientious objector status on June 16, 1965. The first page of the SSS Form 150 mailed to defendant on October 17, 1967, stated "THIS FORM MUST BE RETURNED ON OR BEFORE 27 October 1967 (Ten days after mailing or issue)."

4. " . . . the local board may, after the Order to Report for Induction (SSS Form No. 252) has been issued, postpone the time when such registrant shall so report

for a period not to exceed 60 days from the date of such postponement, subject, however, to one further postponement for a period not to exceed 60 days; And provided also, That the Director of Selective Service or any State Director of Selective Service (as to registrants registered within his State) may, for a good cause, at any time prior to the issuance of an Order to Report for Induction (SSS Form No. 252) postpone the issuance of such order until such time as he may deem advisable, or the Director of Selective Service or any State Director of Selective Service (as to registrants registered in his State) may, for good cause, at any time after the issuance of an Order to Report for Induction (SSS Form No. 252), postpone the induction of a registrant until such time as he may deem advisable. . . ." (Emphasis supplied.)

for his benefit during a period when his continuing duty to report made the above regulation inapplicable.[5] The order to postpone induction, which was mailed to defendant on May 8, 1967, indicated that it was being issued under the authority of the State Director, and hence it was not subject to the 120-day restriction of § 1632.2(a).[6] The fact that the postponement was "until further notice" and gave no termination date did not render it invalid.[7]

The July 12, 1971, judgment and commitment will be affirmed.

5. Although defendant had failed to report for induction on June 14, 1965, after the issuance of a valid induction order, he was under a continuing duty to report from that date until the order of May 8, 1967, postponing his induction date for the future. The decisions cited by appellant, and those found by the court, where the issue of the cancellation of induction orders for excessive delay in violation of 32 C.F.R. § 1632.2 was discussed, indicate that such cancellations are proper where there is no continuing duty to report, which was not the situation in this case until May 8, 1967. See United States v. Munsen, 443 F.2d 1229 (9th Cir. 1971) ; Liese v. Local Board No. 102, 440 F.2d 645 (1971) ; Zerillo v. Local Bd. No. 102, 440 F.2d 136 (8th Cir. 1971) ; United States v. Stevens, 438 F.2d 628 (9th Cir. 1971) ; United States v. Lonidier, 427 F.2d 30 (9th Cir. 1970) ; Pasternak v. Local Bd. No. 3, 4 S.S.L.R. 3762 (D.Del.1971) ; United States v. Johnson, 314 F.Supp. 88 (D.N.H.1970). Toussie v. United States, 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970), relied on by defendant, is inapplicable to the facts of this case. Under these circumstances, neither the 120-day limitation nor the other terms of 32 C.F.R. § 1632.2 (a) were applicable until May 8, 1967.

Also, it is noted that the defendant's failure to report for induction on June 14 was due to his moving to California and requesting transfer of induction to Local Board No. 45 in California, as well as postponement of induction until he had completed summer school. At this time he requested from the California Board a C. O. Form SSS 150 and this request was transmitted to the Maryland Board in July and again in August 1965. In August he refused induction on the ground that he had not been furnished this form. See United States v. Turner, 421 F.2d 1251, 1255 (3d Cir. 1970)—"The supply to a registrant of a requested Form 150 is a mandatory duty of the board and the failure to perform this duty will vitiate a conviction for failure to report for induction." Although the Maryland Local Board's records show that the SSS 150 Form was mailed to defendant in December 1965, he denies receipt of this form until 1967, as noted above. Cf. United States v. Bowen, 414 F.2d 1268, 1273 (3d Cir. 1969). However, defendant was not precluded from securing a Form SSS 150 by going to any of the local boards with which he dealt, and the delays in his induction prior to May 8, 1967, resulted at least in part from "actions" of the registrant and "were for his benefit," so that such delays would not have been significant under Judge Tuttle's opinion in United States v. Foster, 439 F.2d 29, 31 (9th Cir. 1971), even if 32 C.F.R. § 1632.2 had been applicable.

6. See United States v. Jenson, 450 F.2d 1258, 1263 (9th Cir. 1971).

7. The period of postponement here was relatively short since defendant was notified to report for induction on July 11, 1967. Since any additional delays after July 11, 1967, were caused by registrant himself and accrued to his benefit, these delays can thus not serve as a grounds for invalidating an otherwise proper order. United States v. Munsen, 443 F.2d 1229, 1231 (9th Cir. 1971) ; United States v. Foster, 439 F.2d 29, 31 (9th Cir. 1971). Under these circumstances, the failure to set a definite termination date for the postponement of induction did not render the induction invalid. See United States v. Jenson, 450 F.2d 1258, 1263 (9th Cir. 1971) ; United States v. Watson, 442 F.2d 1273, 1278–1279 (8th Cir. 1971), and cases discussed therein.