UNITED STATES of America,
Appellee,

v.

Joseph Earl GODLEY, Appellant.

No. 17, Docket 72–1634.

United States Court of Appeals,
Second Circuit.

Argued Oct. 2, 1972.

Decided Nov. 17, 1972.

Donald L. Doernberg, New York City
(Levy, Gutman, Goldberg & Kaplan, Jeremiah S. Gutman, New York City, on
the brief), for appellant.

Thomas R. Maher, Asst. U. S. Atty.
(Robert A. Morse, U. S. Atty., E. D. New
York, David G. Trager, Asst. U. S.
Atty., on the brief), for appellee.

Before MOORE, FEINBERG and
MULLIGAN, Circuit Judges.

FEINBERG, Circuit Judge:

Appellant Joseph Earl Godley was
convicted, after a non-jury trial in the
United States District Court for the
Eastern District of New York, John F.
Dooling, Jr., J., of refusing to be inducted into the Armed Forces. 50 U.S.C.
App. § 462(a). Appellant was sentenced
to the custody of the Attorney General
pursuant to the Youth Corrections Act,
18 U.S.C. § 5010(b). Godley appeals,
asserting that his induction order was

invalid because his local draft board failed to act on his request for a postponement of induction and that his refusal to submit to induction is a legal nullity because the processing officer failed to follow required procedures.[1]

In March 1970, Godley's Selective Service Classification was changed from 1–Y to 1–A, and on November 16, 1970, he was ordered to report for induction. At the time, he was working during the day and attending his last year of high school in the evening; however, because he was 21 years old, he was ineligible for a high school deferment. 50 U.S.C. App. § 456(i)(1) (as amended).[2] Godley thereupon filed a request with his local board for a postponement of induction until the end of the school year, some six months later. The request was received by a clerk of the board, and she contacted two of the members of the board to ascertain their views. One supported and the other opposed granting the request. The clerk never communicated with another member of the board "to complete its action by the required participation of three members."[3] Instead a telephone call was made to the Acting New York City Director of Selective Service, who denied the request.[4] On December 3, Godley appeared for the induction ceremony but refused to be inducted.

The administrative regulation that governs requests for postponements is 32 C.F.R. § 1632.2(a), which empowers a local board to grant a postponement, not exceeding 120 days, only

[i]n case of death of a member of the registrant's immediate family, extreme emergency involving a member of the registrant's immediate family, serious illness of the registrant, or other extreme emergency beyond the registrant's control. . . .

It is thus apparent that Godley's request could not properly have been granted by the local board, both because Godley's situation could not conceivably have amounted to an "extreme emergency" and because he needed a postponement longer than 120 days to complete his education. We recognize that a local board is required to consider all non-frivolous claims for deferment or postponement, United States v. Goodfellow, 320 F.Supp. 812 (S.D.N.Y.1970), and to take account of all submitted information that may support such a claim, Helden v. Laird, 306 F.Supp. 1351 (S.D.N.Y.1969). But failure of a board to make a decision on a claim clearly not covered by the applicable regulation does not amount to a denial of due process and does not vitiate a subsequent conviction.[5] We do not suggest that lax or high-handed administrative procedures are tolerable in any circumstances. Cf. Walsh v. Local Board No. 10, 305 F. Supp. 1274, 1279 (S.D.N.Y.1969). But a Selective Service registrant cannot escape his obligations merely because the

---

1. Joined with the appeal is a motion by appellant for remand or for permission to withdraw the appeal in order to allow him to move in the district court to reopen the trial for consideration of new evidence. This motion is denied.

2. The provision now refers to such a delay of induction as a postponement.

3. United States v. Godley, 71 Cr. 1335 (E.D.N.Y., Feb. 18, 1972), at 2 (Memorandum opinion of Judge Dooling).

4. Godley was informed, incorrectly, that the local board had refused his request for a postponement. Two weeks later, however, Godley's attorney was notified that in fact the Acting City Director

had made the decision and that the denial had been based upon the availability in the Armed Forces of a high school equivalency certificate.

5. The same regulation—32 C.F.R. § 1632.2 (a)—authorizes the state director to postpone induction "for good cause" and for as long as "he may deem advisable." The New York City Director—who has the status of a state director, 32 C.F.R. § 1604.13—was thus the official to whom the request should have been initially directed. Since the Acting Director did ultimately make the decision, Godley's request received all the consideration to which it was entitled under the applicable regulation.

board failed to consider granting that which it clearly had no power to grant.

 Appellant also urges that he was not given the required warning and second chance after his initial refusal to be inducted. See Army Reg. 601–270 ¶ 3–31c(1). We find there was sufficient evidence of procedural regularity in this case.

Affirmed.