**UNITED STATES of America,**
**Appellee,**

v.

**Ralph MERCADO, Defendant-Appellant.**

**No. 838, Docket 73-1282.**

United States Court of Appeals,
Second Circuit.

Submitted May 3, 1973.

Decided May 10, 1973.

George E. Wilson, Asst. U. S. Atty. (Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., and Richard J. Davis, Asst. U. S. Atty., of counsel), for appellee.

Steven J. Hyman, New York Civil Liberties Union, New York City, for defendant-appellant.

Before FRIENDLY, Chief Judge, HAYS, Circuit Judge, and JAMESON,* District Judge.

PER CURIAM:

Appellant Ralph Mercado was ordered by his local draft board to report for induction on April 5, 1971. He appeared but refused induction despite being advised by induction center officials that this was a felony, claiming for the first time that he was a conscientious objector. Upon receiving notification that Mercado had refused to step forward on this ground, his local board prepared to consider his claim, as it was required to do under this court's decision in United States v. Gearey, 368 F.2d 144, 149–150 (1966), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967), and sent him a notice to appear for a personal interview on May 12. On April 21, the Supreme Court handed down its decision in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971), holding that Selective Service local boards need not reopen the classifications of registrants who first claim conscientious objector status after receipt of an order to report for induction. When Mercado appeared at his local board on May 12, the board, pursuant to a post-*Ehlert* local board memorandum,

---

* Of the District Court for the District of Montana, sitting by designation.

informed him that it could not consider his claim for ,conscientious objection, and set a new date, May 26, for him to report for induction. Mercado again refused induction; this prosecution and conviction ensued.

██ We see no merit in Mercado's claims on appeal. He first argues that the district court's finding that he was guilty of violating 50 U.S.C. App. § 462 (a) for refusing induction on May 26 was an impermissible variance from the indictment, which charged that he refused induction on April 5. But a refusal to submit to induction is a continuing violation of the statute, as appellant concedes, and the indictment here specifically charged that Mercado had refused to submit to induction "on or about the 5th day of April, 1971, and up to and including the date of the filing of this indictment, [August 31, 1971]." Indeed, Mercado was directed to report on May 26, not by a new order to report for induction, but by a letter which merely advised him that it was his continuing obligation to report for induction and set a particular date on which he could discharge this obligation.

██ Mercado also claims that the local board should have considered whether he was eligible for a ministerial exemption from military service. Yet Mercado never claimed this status. His claim on appeal is based solely on his use of the word "minister" in his application for conscientious objector status. Even if we were to assume that there is some obligation on a local board to consider a registrant for a classification which he has not requested if it becomes apparent that he may be eligible for it, it is well known, certainly to a draft board, that all members of Jehovah's Witnesses are known as "ministers" and that this alone is completely insufficient to establish a prima facie claim to the ministerial exemption. See, e. g., United States v. Pompey, 445 F.2d 1313, 1317–1318 (3 Cir. 1971). In any event, 32 C.F.R. § 1625.2 bars reopening of a registrant's classification after the mailing of an order to report for induction unless there has been a change in his status as a result of circumstances beyond his control, which is clearly not the case here. While the Court's decision in *Ehlert*, upholding the validity of this regulation as applied to claims of conscientious objection, is not strictly determinative of the issue of its validity here, since unlike the limited exemption from military service granted conscientious objectors, relied upon by the *Ehlert* Court, 402 U.S. at 102–103, 91 S.Ct. 1319, Congress has seemingly granted ministers complete exemption from service, 50 U.S.C. App. § 456(g), the Court's emphasis on the Selective Service System's need to make reasonable timeliness rules, 402 U.S. at 101–102, 91 S.Ct. 1319, is equally applicable, as is this court's reasoning in upholding the validity of this regulation in United States v. Gearey, *supra*, 368 F.2d at 149. See also United States v. Mohammed, 288 F.2d 236, 243 (7 Cir.), cert. denied, 368 U.S. 820, 82 S.Ct. 37, 7 L.Ed.2d 26 (1961); United States v. Whitaker, 395 F.2d 664 (4 Cir. 1968).

██ Indeed, Mercado's claims are so insubstantial that we would have affirmed his conviction from the bench but for fear that this might be taken as approving the district court's remarks that "No conviction could be had based on his April 5th conduct alone" because "Mercado either knew that ruling case law in the Circuit entitled him to conduct himself as he had done, or if ignorant, is to be treated no worse for purposes of this indictment than he would be if he knew." We see no basis for such a construction of what amounts to a conclusive presumption that a pre-*Ehlert* refusal to submit to induction on the ground of a belatedly-asserted claim of conscientious objection is not a criminal offense in this circuit. This court has already upheld the conviction of a registrant who refused induction on this ground prior to *Ehlert*, United States v. Holmes, 426 F.2d 915 (2 Cir. 1970), vacated and remanded in light of *Ehlert*, 402 U.S. 969 (May 17, 1971) conviction

affirmed, Docket No. 32788 (July 1, 1971). Other courts of appeals which had previously held that local boards must reopen the classification of a registrant who asserted a late-crystallizing claim of conscientious objection have also had little difficulty in upholding convictions for pre-*Ehlert* refusals of induction. United States v. Kirkpatrick, 446 F.2d 1371 (10 Cir. 1971); United States v. Camara, 451 F.2d 1122 (1 Cir. 1971), cert. denied, 405 U.S. 1074, 92 S.Ct. 1513, 31 L.Ed.2d 808 (1972). Upholding the conviction of a registrant who claims to have relied on the pre-existing case law would appear to be no more than an application of the settled rule that an erroneous belief that an induction order is invalid, even if based on the advice of counsel, is not a defense to a prosecution for refusing induction, and that one who refuses induction on the basis of such a belief acts at his peril. See, *e. g.*, United States v. Wood, 446 F.2d 505 (9 Cir. 1971); United States v. Jacques, 463 F.2d 653, 657 (1 Cir. 1972); United States v. Steiner, 469 F.2d 760, 769 (5 Cir. 1972). We recognize such a rule might be harsh as applied to a registrant who in fact reasonably relied in good faith on the case law or upon the knowledge that local boards in this circuit would consider a belated conscientious objection claim, and perhaps there is room for flexibility in enforcement of this rule to avoid injustice in a particular case, as there surely would be ground for the exercise of prosecutorial judgment. But Mercado's would not be a proper case for the exercise of a dispensing power if one exists. There has been no showing that he in fact was aware of or relied upon the case law in this circuit prior to *Ehlert*. Moreover, any such reliance would have been wholly unjustified in April 1971, when there was widespread disagreement among the courts of appeals and the question had been argued and was pending decision in the Supreme Court. See United States v. Camara, *supra*, 451 F.2d at 1125.

Judgment affirmed.