**UNITED STATES of America**

v.

**Michael August POLIZZI, Appellant.**

**No. 73-1270.**

United States Court of Appeals,
Third Circuit.

Argued Sept. 14, 1973.

Decided March 8, 1974.

Herbert I. Waldman, West Orange, N. J., Jerry N. Friedland, Barr, Kaplus & Friedland, East Orange, N. J., for appellant.

---

11. Plaintiffs do not seek *exclusive* rights, to hunt, trap, and fish on land transferred pursuant to the Termination Act.

Herbert J. Stern, U. S. Atty., Richard S. Zacken, Asst. U. S. Atty., Newark, N. J., for appellee.

Before BIGGS, ADAMS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

This is an appeal from a conviction under 50 U.S.C. App. § 462(a) for wilfully failing to submit to induction into the Armed Forces. The case was tried to the court without a jury and, by stipulation, findings of fact were waived. The following facts, however, can be culled from the record.

The appellant, Michael August Polizzi, registered with his local board on September 7, 1967. He received a deferment while attending college but upon his withdrawal was classified 1–A on November 18, 1970. No appeal was taken from this classification. Polizzi was given a preinduction physical examination on January 11, 1971 and on February 16 was ordered to report for induction on March 1.

Subsequent to receiving his order to report for induction, Polizzi made two attempts to have the board reconsider its action. On February 18, 1971, he telephoned the local board and requested a medical consultation to review an alleged psychiatric unsuitability for military service. This request was based on a letter from a clinical psychologist dated February 6, 1971, which resulted from a consultation with the psychologist on the previous day. The letter apparently came into Polizzi's possession on February 7 or 8. Polizzi was informed that he should bring his letter with him to the Armed Forces Examining and

Entrance Station (AFEES) on the day set for induction. The executive secretary for the local board testified that this was the general procedure followed in cases of post induction order claims.[1]

On February 19 Polizzi delivered a letter to his local board which stated that he was a conscientious objector. He was given Form 150 which was submitted by him to the local board on February 25, 1971. Polizzi was informed that he would have to report for induction as scheduled. It appears that neither his claims for psychiatric disability nor conscientious objection were considered by the board but were handled solely by the Clerk.

Polizzi reported to AFEES on the scheduled day and was found qualified for military service. He refused, however, to submit to induction despite warnings that such refusal would subject him to specified sanctions.

On November 9, 1971, Polizzi was indicted and, after a determination that he was competent to stand trial, convicted on March 6, 1973. The district judge sentenced him to a probationary term of five years provided he perform work of "national importance" for a two year period.

Polizzi contends that his reasonable reliance on the case law then prevailing in this circuit precludes a finding that he "wilfully" refused induction. At the time of his refusal to submit to induction there was a conflict among the circuits concerning the duty or even the power of the local boards to act upon post induction order conscientious objection claims. The conflict was due to varying interpretations of the Selective Service regulation restricting the power

1. The power of the local board to consider post induction order claims is governed by 32 CFR § 1625.2. *See* note 2 *infra*. Although the regulation's language is permissive in defining the duty of the local board to reopen a registrant's classification, it is clear that the board must reopen where the regulatory prerequisites are met and a prima facie case for a new classification is made. *See* Musser v. United States, 414 U.

S. 31, 94 S.Ct. 196, 38 L.Ed.2d 190 (1973); United States v. O'Neill, 476 F.2d 295 (9th Cir. 1973). Hence, the procedure apparently followed by this board of instructing registrants to present their claims at AFEES without board consideration might often invalidate the induction order. For reasons discussed below, this does not aid appellant in this case.

of the local board to consider post induction order claims unless deemed to have resulted from circumstances over which the registrant had no control.[2] Some courts considered the crystallization of conscientious objection as a volitional change barred by the terms of the regulation or a change in status not intended to fall within its purview. Other courts considered such claims as possibly arising involuntarily and within the terms of the regulation as cast.[3] The Supreme Court ultimately decided the conflict in Ehlert v. United States, 402 U.S. 99, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971). Although declining to discuss the nature of control over one's conscience, the Court accepted the interpretation of the regulation which barred local board consideration of these "late crystallizing" claims.[4]

Prior to *Ehlert*, this Court was of the view that local boards must consider post induction order conscientious objection claims where a prima facie case was established and the requisite change in circumstances alleged. Scott v. Commanding Officer, 431 F.2d 1132 (3d Cir. 1970). Polizzi's refusal took place while *Scott* was controlling and the board failed to consider his claim. These circumstances form the basis of the contention that he did not "wilfully" refuse induction within the meaning of 50 U.S.C.App. § 462(a). *Cf.* United States v. Rabb, 394 F.2d 230 (3d Cir. 1968).

Arguably, we might dispose of this contention by reciting the principle "that an erroneous belief that an induction order is invalid . . . is not a defense to a prosecution for refusing in-

duction. . . . ." United States v. Mercado, 478 F.2d 1108, 1111 (2d Cir. 1973); *see* United States v. Wood, 446 F.2d 505 (9th Cir. 1971). We need not rely, however, on what may be considered a harsh rule; for, despite the stipulation waiving findings of fact, the district court did, in fact, find that Polizzi's testimony relating to wilfulness was not credible.[5] The evidence presented to counter the Government's prima facie case does not compel a contrary conclusion. Polizzi testified that he had conferred with two draft counselors and a soldier at the induction station who had been a draft counselor and that they had indicated the board's responsibility to consider his claim. Polizzi produced at trial only one of the draft counselors who stated that although he remembered seeing Polizzi he could not recall any specific conversation with him and that he would "never advise a man to refuse induction".[6] Furthermore, advice to refuse induction or that this area of the law was well settled would have been irresponsible and reliance on such advice unjustified in February or March of 1971. The opinions of the various circuit courts were divergent, *certiorari* had been granted in *Ehlert* and the case had been argued before the Supreme Court. United States v. Mercado, 478 F.2d 1108 (2d Cir. 1973); United States v. Camara, 451 F.2d 1122 (1st Cir. 1971), cert. denied, 405 U.S. 1074, 92 S.Ct. 1513, 31 L.Ed.2d 808 (1972).

Polizzi asserts that the rule of *Ehlert* should only be applied prospectively. Neither the Supreme Court nor this Court has afforded that decision such limited application. The Supreme Court

---

2. 32 CFR § 1625.2 (1971) provides:

   [T]he classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction . . . unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

3. *See* Ehlert v. United States, 402 U.S. 99, 101 n. 3, 91 S.Ct. 1319, 28 L.Ed.2d 625 (1971).

4. 402 U.S. at 105, 91 S.Ct. 1319. The Court adopted the Government position that the regulation be confined to " 'objectively identifiable' and 'extraneous' events and circumstances" such as injury to the registrant. *Id.* at 104–105, 91 S.Ct. 1323.

5. Transcript, March 6, 1973, at 164.

6. Transcript, March 6, 1973, at 146.

applied its interpretation of the regulation to Ehlert in that very case where the definitive Ninth Circuit rule had first been promulgated. In Musser v. United States, *supra*, the Court applied *Ehlert* retrospectively to two petitioners. This Court has similarly afforded that decision retrospective application in a number of cases both civil and criminal. *See, e. g.*, United States v. Winer, 456 F.2d 566 (3d Cir. 1972); Babcock v. Local Board, 456 F.2d 1033 (3d Cir. 1972). In none of these cases, however, was the *Ehlert* principle being applied to a registrant who had refused induction in a circuit whose prevailing law at the time of his refusal was clearly contrary to this rule.[7] Three other circuits, however, have reached the question here in issue and have found *Ehlert* fully applicable. United States v. Mercado, 478 F.2d 1108 (2d Cir. 1973); United States v. Camara, 451 F.2d 1122 (1st Cir. 1971), cert. denied, 405 U.S. 1074, 92 S.Ct. 1513, 31 L.Ed.2d 808 (1972); United States v. Kirkpatrick, 446 F.2d 1371 (10th Cir. 1971). We agree that *Ehlert* should be so applied. The law was unsettled in the circuit courts prior to *Ehlert* where the Supreme Court validated what it deemed a consistent Government posture with regard to the interpretation of the regulation in issue. 402 U.S. at 105, 91 S.Ct. 1319. The local board's actions in this case were entirely consonant with this posture. We are not now dealing with the perhaps somewhat unusual situation where actual, reasonable

reliance on the *Scott* decision caused a registrant to refuse induction. In such a case, the comments of the court in *Mercado* might prove apt; *viz.*:

"We recognize such a rule might be harsh as applied to a registrant who in fact reasonably relied in good faith on the case law or upon the knowledge that local boards in this circuit would consider a belated conscientious objection claim, and perhaps there is room for flexibility in enforcement of this rule to avoid injustice in a particular case, as there surely would be ground for the exercise of prosecutorial judgment."[8]

478 F.2d at 1111. Polizzi, however, has not presented a case where we must seek means to avoid such injustice since, as we have said, the district court found no reliance and none would have been reasonable during the relevant period.

Polizzi argues that even if *Ehlert* applies retroactively, it did not relieve the board of responsibility to receive and consider his conscientious objection claims. Reliance is placed on this Court's decisions in United States v. Ziskowski, 465 F.2d 480 (1972) and United States v. Shomock, 462 F.2d 338 (1972). The Supreme Court, however, has stated that *Ehlert* not merely rejected any notion that the board must consider such claims but that the board was without power to reopen and, correspondingly, without power to make any ruling on the merits of a claim. Musser v. United States, *supra*.[9]

---

7. In *Ehlert*, the Ninth Circuit deemed its decision, which was subsequently affirmed by the Supreme Court, its first definitive ruling on the subject, but noted that at least one prior case had presented an arguably variant view. 422 F.2d 332, 334 (9th Cir. 1970). That court stated that, to the extent the earlier case was inconsistent with the views expressed in *Ehlert*, it was overruled. The two petitioners involved in the *Musser* decision had taken appeals from circuits where, at the time they refused induction, the rule was consistent with that decided in *Ehlert*. Similarly, Third Circuit cases giving retrospective effect to *Ehlert* were concerned with operative conduct of a registrant which antedated the *Scott* decision.

Seemingly, the Supreme Court's application of its decision to the petitioners in *Ehlert*

and *Musser* disposes of appellant's argument that the failure of the Selective Service Board to promulgate its interpretation of this regulation by rule requires prospective application since at least in *Ehlert*, the ambiguity was not dispelled until the adjudication then in issue.

8. Compare James v. United States, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961), a plurality decision of the Supreme Court, opinion of Mr. Chief Justice Warren, at 221, 81 S.Ct. 1052.

9. *Ziskowski* and *Shomock* are readily distinguishable from the instant case. In those cases the local boards considered and denied the conscientious objection claims but failed

The appellant has cited numerous cases pointing out the board's responsibility to process claims of registrants and has placed great emphasis on the fact that the Clerk did not place this conscientious objection claim before the board for consideration. Failure of the board to consider and make a decision on a claim on which it had no power to act is not a denial of due process and will not vitiate a subsequent conviction. United States v. Godley, 469 F.2d 638 (2d Cir. 1972); United States v. Berry, 443 F.2d 5 (9th Cir. 1971).

Appellant asserts as error the failure of the local board to inform Polizzi of the military forum for his claim. During the relevant period, there was no legal duty for the draft board to notify the registrant of available in-service review. United States v. Camara, *supra;* United States v. Charles, 460 F.2d 1093 (6th Cir. 1972) (per curiam). Moreover, Polizzi can hardly claim to have been prejudiced by the asserted unfairness of this procedure since he testified at trial that he was aware of the availability of in-service review. *See, e. g.,* United States v. Berry, *supra;* United

to adequately state reasons for the denials. This procedure served to preclude effective judicial review. Further, this court was concerned that the appearance of board consideration of these claims might jeopardize the availability of in-service review. Fearing that the registrant might be denied a full opportunity to present a prima facie claim for conscientious objection to either the local board or the military, we required the local boards to adequately state the reasons for denial of the claims. In the instant case, however, the board took no action which could be construed by the Army as a consideration of the claim barring in-service review. Hence, the rationale of *Shomock* and *Ziskowski* would appear inapposite.

In any event, the Supreme Court's opinion in United States v. Musser, *supra,* undermines these decisions by its conclusion that whatever the board's reasoning may be in rejecting the claim, the Army could not construe it as a consideration on the merits since the only valid reason for refusal of the claim by the board would be lack of power to consider it.

10. Polizzi has raised numerous claims which have been considered but are deemed without merit. These include his assertion that the

States v. Bellmer, 404 F.2d 132 (3d Cir. 1968); Yeoman v. United States, 400 F.2d 793 (10th Cir. 1968). Finally, see and compare, United States v. Serfass, 492 F.2d 388, filed February 20, 1974.

The judgment of the district court will be affirmed.[10]

board failed to consider his claim for psychiatric disability and his challenge to the New Jersey grand jury selection process. The former contention is groundless since the board would have been barred from considering the claim by 32 CFR § 1625.2. The psychiatric unsuitability claim arose prior to the induction order but was not raised until substantially afterwards. Cf. Scott v. Commanding Officer, 431 F.2d 1132, 1136 (3d Cir. 1970); United States v. Jackson, 454 F.2d 821 (5th Cir. 1972); United States v. Ford, 431 F.2d 1310 (1st Cir. 1970).

The latter contention is largely foreclosed by United States v. Lewis, 472 F.2d 252 (3d Cir. 1973). *See also* United States v. Ross, 468 F.2d 1213 (9th Cir. 1972), cert. denied, 410 U.S. 989, 93 S.Ct. 1500, 36 L.Ed.2d 188 (1973); United States v. Gast, 457 F.2d 141 (7th Cir.), cert. denied, 406 U.S. 969, 92 S. Ct. 2426, 32 L.Ed.2d 668 (1972); United States v. Guzman, 337 F.Supp. 140 (S.D.N.Y.), aff'd, 468 F.2d 1245 (2d Cir. 1972), cert. denied, 410 U.S. 937, 93 S.Ct. 1397, 35 L.Ed.2d 602 (1973); United States v. Arnett, 342 F.Supp. 1255 (D.Mass.1970). Additionally, appellant has not presented sufficient evidential grounds to support his position.